person would have exercised "under like circumstances," *held* not objectionable as confining the question of plaintiff's due care to a consideration of his situation at the precise moment of the injury.

3.  AUTOMOBILES AND GARAGES, § 932*—*when amount of verdict for injury to automobile warranted by the evidence.* In an action for damages to plaintiff's automobile resulting from a collision between it and a railroad engine at a street crossing, the amount of the verdict in favor of plaintiff *held* supported by the evidence, where there was evidence that the reasonable value of the use of plaintiff's automobile was a certain sum per week, which when added to the cost of the repairs necessitated by the collision equaled practically the amount of the verdict.

## Louis Kushner, Defendant in Error, v. Louis Perlman, Plaintiff in Error.

### Gen. No. 19,753.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding.   Heard in the Branch Appellate Court at the October term, 1913.   Affirmed.   Opinion filed October 8, 1914.

### Statement of the Case.

Action by Louis Kushner, against Louis Perlman to recover a sum of money loaned to defendant.

The facts showed that plaintiff had been employed as a salesman in defendant's shoe store for a number of years and that he had at various times during such period loaned the defendant money, until the amount totaled six hundred dollars.   Defendant in borrowing the money had promised to pay it back at any time on demand, but when plaintiff asked him for it defendant asked for more time, promising to repay it on a certain day.   When that day arrived, defendant, instead of repaying the loan, charged the plaintiff with theft, and refused to pay.   At that time defendant had

*See Illinois Notes Digest, Vols. XI to XV*, and Cumulative Quarterly, same topic and section number.

a lawyer present who asked plaintiff to explain two small discrepancies upon one of the cash register slips for that day. The lawyer called a policeman, and upon plaintiff begging not to be locked up the defendant replied he would let it go until Monday.

The next day plaintiff and defendant went to the lawyer's office where plaintiff signed a document purporting to be an admission of the charge of withholding funds, and an agreement on plaintiff's part to accept three hundred dollars from defendant in full settlement of the six hundred dollars due from defendant. Thereupon the defendant's lawyer gave the plaintiff his (the lawyer's) check for three hundred dollars. This check was never used.

The plaintiff sued for the full amount due him and defendant relied on the plaintiff's agreement as an accord and satisfaction. From a finding and judgment in favor of plaintiff for the full amount of six hundred dollars, defendant prosecutes a writ of error.

Max Krauss, for plaintiff in error.

No appearance for defendant in error.

Mr. Presiding Justice Fitch delivered the opinion of the court.

### Abstract of the Decision.

1. Accord and satisfaction, § 3*—*when agreement to accept less than sum due invalid.* An agreement to accept three hundred dollars in full settlement of six hundred dollars due on a loan, *held* not binding for want of a consideration therefor.

2. Appeal and error, § 1512*—*when remarks of court not reversible error.* Strong language of a trial judge in deciding a case, *held* not in itself sufficient to reverse a judgment which is clearly right upon the merits.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.